[Criminal No. 689.   Filed April 9, 1929.]

[276 Pac. 321.]

R. B. ORME, Appellant, v. STATE, Respondent.

Mr. J. Gardner Scott, for Appellant.

Mr. K. Berry Peterson, Attorney General, and Mr. Riney B. Salmon, Assistant Attorney General, for the State.

LOCKWOOD, C. J.—R. B. Orme, hereinafter called defendant, was convicted in the superior court of Yavapai county of the crime of robbery. He was an indigent, and counsel who prosecuted this appeal was appointed by the court to defend him. Believing that his client was innocent, he has at his own expense prosecuted this appeal, thus showing a commendable zeal not commonly displayed in indigent cases.

There are two assignments of error, the substance of which is that the evidence does not support the verdict and judgment. It is, of course, the well-settled rule in this jurisdiction that where the evidence is in conflict as to the material allegations of the information, and there is sufficient to sustain a verdict, this court will not substitute its opinion for that of the jury, but will affirm the judgment. Let us then consider the evidence offered by the state to determine whether there is sufficient, if believed by the jury, to support a conviction.

Robbery is defined by section 189, Penal Code of Arizona 1913, as follows:

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear."

There appears in the reporter's transcript evidence to the following effect: One M. A. Neill testified that

about the ·26th of February, 1927, he was running a pool-hall in Prescott. Between ten and eleven o'clock of the evening he, with several other persons, was present in the pool-hall. About that time two men entered with guns in their hands, and told those present to put up their hands, which the occupants of the pool-hall promptly did. The guns were pointed toward Neill and the occupants of the hall, and one at least was cocked. One of the entrants was defendant, Orme. While Neill and the others had their hands in the air the intruders asked as to the whereabouts of a man named Clark, to which Neill answered that he had been gone for several days. Neill then remarked: "It looks like if you boys wanted any money you would come in and ask for it." To which Orme replied: "We didn't come in here looking for money exactly; we were looking for another fellow." Neill then asked: "Why did you come in with a gun?" And Orme said: "Don't get smart, or I'll take what you got," and stuck the gun up against Neill's stomach. Neill thereupon took out what money he had in his pockets, being about twenty-five dollars in bills, together with some silver, and threw it on a table, and Orme took the bills and stuck them in his pocket. When Neill was asked why he gave Orme the money, he replied, answering the question: "You said you were scared?" "Well, I was; that was the reason I gave him the money."

Neill was corroborated as to the entrance of defendant and his companion, and their acts with the guns, but there was no corroboration in regard to the money transaction. It is apparent from this brief summary that if the jury believed this testimony of Neill they were justified in finding that Orme did take personal property which was in Neill's possession from his immediate presence and against his will, and that the taking was accomplished by means

of fear on Neill's part. Defendant admitted going to the pool-hall at the time in question in company with one Macklin, and that they were armed, but denied exhibiting the guns or holding up any of the men in the pool-hall, or that he got any money at all. In this he was corroborated by Macklin. This, however, merely raises a conflict in the testimony which it is for the jury to determine.

It is not contended that the court did not properly instruct the jury as to the law of the case. Such being the fact, and the record otherwise being regular, the judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.